AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| | ) | 1:19-mj-0787 |
| DARRELL COLE | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 8, 2019__ in the county of __Marion__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a firearm by a convicted felon |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Michael R. Antonelli, Task Force Officer, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: 08/22/2019

_____
Judge's signature

City and state: Indianapolis, IN

Tim A. Baker, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF
# APPLICATION FOR CRIMINAL COMPLAINT

1. I, Michael R. Antonelli, am a Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since November, 2007. I am also a Detective with the Indianapolis Metropolitan Police Department ("IMPD") and have been so employed since 2003. I have had extensive training in investigating criminal offenses, including firearms offenses. I am currently assigned to the ATF Indianapolis field office and my primary responsibility is investigating violations of federal firearms laws.

2. This Affidavit is submitted in support of a criminal complaint charging Darrell COLE ("COLE") with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1).

3. The statements contained in this affidavit are based in part on information developed by ATF Special Agents ("SAs") and TFOs and Officers and Detectives of IMPD who aided in the investigation of the below-described crime. Unless otherwise noted, whenever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer or an investigator (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read and reviewed. Likewise, any information pertaining to vehicles and registrations, personal data on subjects, and record checks, has been obtained through the Law Enforcement Automated Data System (LEADS), various state driver's license motor vehicle records, online database searches or the National Crime Information Center (NCIC) computers, and various open source databases such as LexisNexis.

4. Since this affidavit is being submitted for the limited purpose of supporting the application in this matter, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the probable

cause for the issuance of the arrest warrant sought.

**Traffic Stop of COLE**

5.     On August 8, 2019, at approximately 1:30 AM, Officer Matt Harris of the Indianapolis Metropolitan Police Department (IMPD) was driving northbound in the 1700 block of N. Rural Street in Indianapolis, Indiana, when he observed a Chevrolet Avalanche (Indiana registration K581111) also driving northbound on N. Rural St. and crossing the center line that divides northbound and southbound traffic. Officer Harris continued following the vehicle and observed it turn westbound onto Bloyd Ave. without signaling its intent to turn two hundred (200) feet prior to turning. Officer Harris activated the emergency equipment on his fully marked police vehicle to initiate a traffic stop and the vehicle turned into the gas station located at 2705 Bloyd Ave.

6.     Officer Harris approached the driver side of the vehicle and verbally identified the driver as Darrell COLE (DOB: XX/XX/1974), who stated that he did not have a driver's license, and the front seat passenger as Demetress Booker (DOB: XX/XX/1984). Officer Lindley arrived to assist Officer Harris and approached the passenger side to speak with Ms. Booker. Officer Lindley asked Ms. Booker if she would provide her identification and she stated she would. Ms. Booker then reached for her purse and as she was looking for her ID card Officer Lindley had a clear and unimpeded view into her purse from his position at the passenger side of the card. Officer Lindley could see a large plastic bag containing what he knew through his training and experience as a police officer to be synthetic marijuana inside the main compartment of Ms. Booker's purse. Officers Harris and Lindley then had COLE and Ms. Booker exit the vehicle and placed them in handcuffs.

7. Officer Harris confirmed that COLE did not possess a valid driver's license and learned that he had an active warrant for his arrest for Driving with a suspended license with a prior conviction, cause number 49G13-1609-CM-036160. During a search of the vehicle Officer Harris located a Hipoint 9mm handgun, bearing serial number P1299125, in between the front passenger seat and the center console. Officer Lindley found a box of 9mm cartridges containing thirty-two (32) live rounds. ATF certified gun liaison, IMPD Officer Kasper responded to the scene to process the handgun for forensics. Officer Kasper also advised both COLE and Ms. Booker of their Miranda Warnings to which they stated they understood their rights and agreed to speak with officers. COLE admitted to Officer Kasper that he had handled the firearm and stated his belief that his DNA would be found on it.

8. COLE has sustained a number of felony convictions, including:

    a. Rape, a B-felony, on December 17, 1992, Marion County cause number 49G06-9206-CF-078706

    b. Battery with Serious Bodily Injury, a C-felony, on October 20, 1999, Marion County cause number 49G04-9903-CF-043904

    c. Child Molesting, a B-felony, on December 17, 1992, Marion County cause number49G06-9204-CF-045543

9. COLE was sentenced to more than one year in prison for each of the above-listed felony convictions.

10. All items of evidentiary value were transported to the IMPD property room and held for safekeeping.

11. The above-described investigation occurred in Indianapolis, Indiana, within the Southern District of Indiana.

13.     <u>Examination of Firearm and Ammunition</u>. On or about August 19, 2019, I spoke with a certified firearms Interstate Nexus Expert with the ATF who determined that the above-described Hipoint, 9mm handgun, serial number P1299125 was not manufactured in the State of Indiana and therefore had traveled in interstate commerce prior to COLE's possession of it on August 8, 2019.

14.     <u>Conclusion</u>. Based on the facts set forth in this affidavit, I respectfully submit that probable cause exists that on or about August 8, 2019, in the Southern District of Indiana, Darrell COLE, knowing that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, said firearm having been shipped and transported in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

_____
Michael R. Antonelli, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to and subscribed to before me this 22nd day of August, 2019.

_____
TIM A. BAKER
United States Magistrate Judge
United States District Court
Southern District of Indiana

4