UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:19-cr-0325-TWP-MJD |
| DARRELL COLE, | ) ) | - 01 |
| Defendant. | ) ) | |

### REPORT AND RECOMMENDATION

On January 21, 2022, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on October 25, 2021. Defendant Cole appeared in person with his appointed counsel Sam Ansell. The government appeared by Will McCoskey, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Mark McCleese.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.   The Court advised Defendant Cole of his rights and provided him with a copy of the petition. Defendant Cole orally waived his right to a preliminary hearing.

2.   After being placed under oath, Defendant Cole admitted violation numbers 1, 2, 3, 4, and 5. [Docket No. 54.]

3.   The allegations to which Defendant admitted, as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"You shall reside in a residential reentry center for a term of 180 days. You shall abide by the rules and regulations of the facility."** |

Mr. Cole began residency at the Volunteers of America (VOA) on October 5, 2021. On October 7, 2021, Mr. Cole was allowed out on a pass and returned 90 minutes late to the facility. He reported that he got lost on the bus line and his girlfriend had to transport him back to the VOA. On October 14, 2021, at 12:15 A.M. Mr. Cole was sent to the hospital complaining of jaw pain. He was released from Eskenazi at 2:26 A.M. but did not return to the VOA until 5:05 A.M., which resulted in a incident report. On October 19, 2021, another incident report occurred after Mr. Cole was observed smoking with a bag of "katy" in close proximity to him.

On October 21, 2021, Mr. Cole left the VOA at 10:45 pm to go to Eskenazi. Subsequently, Eskenazi was contacted and they did not have a record of him being there. He never returned to the VOA, and his current location is unknown.

| | |
|---|---|
| 2 | **"You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment."** |

Mr. Cole stated he was employed for a day at Litebox. He did not provide any documentation to verify that, and he has been consistently unemployed since beginning supervised release.

| | |
|---|---|
| 3 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities).  When prior notification is not possible, you shall notify the probation officer within 72 hours of change."** |

As previously reported to the Court, on July 21, 2021, this officer attempted to contact Mr. Cole at his last known address, 648 North Temple Avenue. The occupant stated the offender no longer lived there. Mr. Cole was reached by telephone and communicated he still resided at 648 North Temple Avenue; however, when confronted he admitted moving to a new location without communicating this to the probation officer or providing that new address.

    4        **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medial practitioner. You shall follow the prescription instructions regarding frequency and dosage."**

                As previously reported to the Court, Mr. Cole has tested positive for illegal substances six times. On August 12, 2021, he tested positive for cocaine, amphetamine and methamphetamine. On July 21, September 2, September 15, September 21, and September 22, 2021, Mr. Cole submitted urine specimens which tested positive for cocaine.

    5        **"You shall be monitored by GPS monitoring, for a period of six months, to commence as soon as practical, and shall abide by all the technology requirements. You may restricted to your residence at all times except for employment, education, religious services, medical substance abuse or mental health treatment, attorney visits, court-ordered obligations or other activities as pre-approved by the probation officer."**

                As previously reported to the Court, on August 12, 2021, Mr. Cole began home detention with GPS monitoring subsequent to a court-ordered modification due to noncompliance. On August 16, August 25, and October 4, 2021, Mr. Cole was at locations not pre-approved in advance. On August 28, and September 19, 2021, he was outside of his residence without permission.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is IV.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

5. The parties jointly recommended a sentence of twelve (12) months and one (1) day imprisonment with eighteen (18) months of supervised release to follow to include residing at a residential reentry center for a period one hundred and twenty days. Defendant requested placement at a facility that accommodates sex offenders.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with eighteen (18) months of supervised release to follow.  In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. Justification: This condition is an administrative requirement of supervision.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.  Justification: This condition is an administrative requirement of supervision.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.  Justification: This condition is an administrative requirement of supervision

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.   Justification: This condition is an administrative requirement of supervision

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer. Justification: This condition is an administrative requirement of supervision.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment. Justification: This condition will ensure the defendant maintains gainful employment and reduce the risk of recidivism.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

13. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer, and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: This condition will help ensure the defendant's mental health needs are identified and addressed.

14. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage. Justification: This condition will address the defendant's history of substance abuse.

15. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods. Justification: This condition will help ensure compliance with a drug-free lifestyle.

16. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution. Justification: This condition will help ensure legitimacy of employment earnings.

17. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

Defendant reviewed the foregoing conditions and they were reviewed by Defendant with his attorney.  Reading of the above-noted conditions of supervised release were read into the record. In addition to the above-noted conditions, the following condition was read into the record:

1. You shall reside in a residential reentry center for a term of 120 days. You shall abide by the rules and regulations of the facility.

The Magistrate Judge will make a recommendation of placement at a facility that accommodates sex offenders. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated:  1/21/2022

*Paul R. Cherry*
Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system